## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

   Plaintiff/Respondent,

v.          **No. CIV 09-0339 MCA/LAM**
            **No. CR 07-0378 MCA**

RAYMOND ELOY SEDILLO,

   Defendant/Movant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

**THIS MATTER** is before the Court on Defendant/Movant Raymond Eloy Sedillo's ***Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*** (*Doc. 1*[2]) filed on April 3, 2009 and his ***Sentence by a Person in Federal Custody*** (*Doc. 8*) filed on April 23, 2009, the latter of which the Court construes as an amendment to the § 2255 Motion (hereinafter both collectively "***Motion***").  On July 6, 2009, Plaintiff/Respondent (hereinafter "the Government") filed ***Government's Response to Petitioner Sedillo's Motion Pursuant to 28 U.S.C. § 2255*** (*Doc. 18*) (hereinafter "***Response***").  Mr. Sedillo filed no reply, and the time for doing so has passed.

---

[1] **Within ten (10) days after a party is served with a copy of these proposed findings and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition.  A party must file any objections with the clerk of the United States District Court for the District of New Mexico within the ten (10) day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

[2] Unless otherwise noted, all referenced documents are from Case No. CIV-09-0339.

The Honorable M. Christina Armijo, United States District Judge, referred the claims raised in the ***Motion*** (*Docs. 1, 8*) to the undersigned Magistrate Judge for proposed findings and a recommended disposition, and a hearing, if necessary. ***Order of Reference Relating to Bankruptcy Appeals, Social Security Appeals, Prisoner Cases, and Immigration Habeas Corpus Proceedings*** (*Doc. 2*). Having considered the parties' submissions, the relevant law, and the records in this case and in Mr. Sedillo's underlying criminal case contained in Case No. CR-07-0378, the undersigned, for the reasons set forth below, recommends that:

(**1**) the claims raised in Mr. Sedillo's ***Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*** (*Doc. 1*) and ***Sentence by a Person in Federal Custody*** (*Doc. 8*) be **DENIED**;

(**2**) the presentence-confinement-credit claim, which should have been brought under 28 U.S.C. § 2241 rather than § 2255, be **DENIED**;

(**3**) the request for the return of property related to the New Mexico State Police (***Sentence by a Person in Federal Custody*** (*Doc. 8*) at 12) be dismissed without prejudice; and

(**4**) all other claims and Case No. CIV-09-0339 be **DISMISSED with prejudice.**

## Factual and Procedural Background

Mr. Sedillo was originally arrested by state authorities on April 3, 2003 (***Presentence Report*** (hereinafter "***PSR***") at 1), and he was convicted and served time in state custody for these state offenses. (***State Docket*** D-202-CR-2003-01104[3] at Aug. 15, 2005). On March 21, 2007,[4] after he

---

[3]All citations to ***State Docket*** refer to the state-court dockets available at New Mexico State Judiciary Case Lookup Application, http://www.nmcourts.com/caselookup/search.htm (last visited Oct. 26, 2009). The Court takes judicial notice of the state-court dockets for Mr. Sedillo's state criminal convictions, which are available using the New Mexico State Judiciary Case Lookup Application. *See Binford v. United States*, 436 F.3d 1252,1256 n.7 (10th Cir. 2006) (courts may take judicial notice of facts that are a matter of public record) (citations omitted); *Stack v. McCotter*, No. 02-4157, 79 Fed. Appx. 383, 391, 2003 WL 22422416 (10th Cir. October 24, 2003) (unpublished) (federal court

was federally indicted on charges stemming from the April 3, 2003 crimes, Mr. Sedillo was taken into federal custody.  *See **PSR*** at 1.  Mr. Sedillo was federally charged *inter alia* with a violation 18 U.S.C. § 922 (g)(1), being a felon in possession of a firearm, to which he pled guilty and was convicted.  ***Superseding Indictment*** (*Doc. 13*), filed in Case No. CR-07-0378; ***Transcript of Change of Plea*** (*Doc. 71*) at 14, filed in Case No. CR-07-0378.

At the sentencing hearing on June 24, 2008, District Judge Armijo sentenced Mr. Sedillo to 15 years in prison despite the guideline minimum being 15 years and eight months.  ***Transcript of Sentencing Hearing*** (*Doc. 72*) at 6:8–11, filed in Case No. CR-07-0378.  She explained that she "accept[ed] the plea agreement which include[d] a specific sentence of 15 years pursuant to Section 5(g)1.1 as [she was] satisfied that this agreed upon sentence departs [from the sentencing guidelines] for justifiable reasons."  *Id.* at 6.  Judge Armijo also denied a motion by Mr. Sedillo requesting that five of his fifteen years of imprisonment run concurrently with his already-served state sentence.  *Id.* at 3.  In fact, Judge Armijo specifically ordered that Mr. Sedillo's federal sentence "run consecutively to the sentences imposed in the Second Judicial District Court, . . . Case #'s CR-2002-02283, CR-2003-01104[,] and CR-2004-02924." ***Sentencing Minute Sheet*** (*Doc. 58*), filed in Case No. CR-07-0378.  Mr. Sedillo did not directly appeal his federal conviction or sentence and, pursuant to his plea agreement, he waived any right of appeal.  *See **Plea Agreement*** (*Doc. 43*) at 5, ¶ 13.  At the time that he filed this § 2255 motion, he was imprisoned at the Torrance County Detention Center in Estancia, New Mexico.  ***Motion*** (*Doc. 1*) at 1, (*Doc. 8*) at 1.

---

may take judicial notice of docket sheet entries in related state court proceeding).

[4] Mr. Sedillo's ***Motion*** refers to both March 21, 2007 and March 23, 2007 as the date on which he was picked up by the United States Marshals.  *Document 1* at 4 (March 23); *Document 8* at 7 (March 21).  The ***Response*** refers to March 21 (*Doc. 18* at 10), and the docket in Case No. CR-07-0378 refers to March 21.

Mr. Sedillo filed the instant motion on April 3, 2009 and requests that his sentence be changed to: (1) include presentence and post-sentence confinement credit; (2) run concurrently with the state sentence imposed for the April 3, 2003 crimes, which sentence was satisfied on August 15, 2005, before federal charges were initiated; (3) include a "classification/placement due to medical issues;" and (4) return of "property and money" from New Mexico State Police evidence locker. (*Document 1*) at 13, (*Document 8*) at 12.

## Discussion

In order to be successful with his ***Motion***, Mr. Sedillo must show any of the following: (1) that his sentence violates the "Constitution or laws of the United States," (2) that the sentencing "court was without jurisdiction to impose such a sentence," (3) that "the sentence was in excess of the maximum authorized by law," or (4) that his sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255; *United States v. Kell*, No. 03-6223, 105 Fed. Appx. 976, 978, 2004 WL 1690373 (10th Cir. July 29, 2004) (unpublished). If the Court finds that any of these circumstances exists, the Court must vacate the underlying judgment and set it aside, and either grant a new trial, correct the sentence, or release Mr. Sedillo. 28 U.S.C. § 2255. Mr. Sedillo does not currently have to be serving his federal sentence to challenge it under § 2255 as long as his federal sentence will run consecutively to the sentence that he is currently serving. *See United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994) (Section 2255 claim can be brought to attack a federal sentence that is not currently being served as long as it will run consecutively to the sentence that is currently being served).

Mr. Sedillo asserts four grounds for relief under § 2255. First, Mr. Sedillo claims that he is entitled to credit for the time that he was in custody between April 3, 2003 (when he was arrested

for the underlying crimes by state law enforcement) and June 24, 2008 (when he was sentenced on his federal conviction) or some portion thereof.  *See* **Motion** (*Doc. 1*) at 4, (*Doc. 8*) at 7.  Second, Mr. Sedillo claims his attorney's assistance was constitutionally ineffective for failing to "represent [him in the sentencing] to the fullest" (**Motion** (*Doc. 1*) at 7, (*Doc. 8*) at 4) and for failing to secure presentence or post-confinement credit as promised (**Motion** (*Doc. 1*) at 7, (*Doc. 8*) at 4).  Third, Mr. Sedillo claims that because promises were made to him that were not fulfilled, his plea agreement was made under "duress" and was violated by the goverment.  **Motion** (*Doc. 8*) at 8. Fourth, Mr. Sedillo attacks the ACC enhancement that was discussed in the **PSR** because he claims that the convictions used to figure the enhancement are either too old or for non-violent crimes. **Motion** (*Doc. 1*) at 5, (*Doc. 8*) at 5.  As a final matter, Mr. Sedillo requests the return of "property and money" from a New Mexico State Police evidence locker.  *Id.* (*Doc. 8*) at 12.

### I. Presentence Confinement Credit

Mr. Sedillo claims that he is entitled to credit toward his federal sentence for the period of time that he was in custody between his initial arrest by state authorities and his federal sentencing or some portion thereof.  **Motion** (*Doc. 1*) at 4, (*Doc. 8*) at 7.  He complains that the sentencing Court erred in denying his motion for pre-sentence credit, and he requests it now.  *Id.* (*Doc. 1*) at 4, (*Doc. 8*) at 7.  District courts, however, do not have the authority to grant presentence credit; only the Attorney General, through the Bureau of Prisons (hereinafter "BOP"), has such authority. *United States v. Jenkins*, 38 F.3d 1143, 1144 (10th Cir. 1994).  Since the sentencing Court was without power to grant presentence credit, it did not, and indeed could not have, erred in denying the presentence credit.  Mr. Sedillo, therefore, cannot meet his burden under § 2255.  His claim for presentence confinement credit under § 2255, therefore, should fail.

5

A court may, however, construe a claim improperly brought under § 2255 as a § 2241 claim when jurisdiction is otherwise proper.  *Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002) (construing a § 2255 petition as a § 2241 petition); *see generally* 28 U.S.C. § 2241 (providing for writs of *habeas corpus*).  On the one hand, a § 2241 claim "attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999) (citation and internal quotation omitted).  On the other hand, a claim under § 2255 "attacks the legality of the detention and must be filed in the district that imposed the sentence." *Id.*  (internal quotations omitted).  Here, Mr. Sedillo challenges how his sentence is being carried out.  He does not dispute the sentence itself, rather he complains that it should be shortened.  Accordingly, his presentence confinement claim should have been brought under § 2241.  Furthermore, Mr. Sedillo is currently confined in the District of New Mexico, which meets the jurisdictional prerequisite for a § 2241 claim.  Because jurisdiction is proper and because the claim should have been brought under § 2241, the Court construes the presentence-confinement-credit claim as having been brought under § 2241.

In addition to showing proper jurisdiction, a § 2241 petitioner must first exhaust all administrative remedies, including those with the BOP, before his § 2241 claim will be evaluated by a district court.  *Dulworth v. Evans*, 442 F.3d 1265, 1269 (10th Cir. 2006).  Mr. Sedillo has failed to show that he exhausted his administrative remedies with the BOP regarding his presentence confinement credit.  Indeed, he has offered no evidence that he has even initiated an administrative request for the credit.  Because Mr. Sedillo has failed to exhaust his administrative remedies with the BOP, the Court recommends that this claim be denied.

### *II.  Ineffective Assistance of Counsel*

Mr. Sedillo claims that his counsel was constitutionally ineffective for numerous reasons. First, he claims that the attorney failed to file or oppose certain motions and failed to make certain objections, which are listed and addressed below.  ***Motion*** (*Doc. 1*) at 7, (*Doc. 8*) at 4.  Second, Mr. Sedillo asserts that his attorney was ineffective because he did not fulfill certain promises and "did not advise [him] of all the facts and consequences of . . . entering a guilty plea."  *Id.* (*Doc. 8*) at 4.

To prevail on his ineffective assistance of counsel claims, a plaintiff must show facts that satisfy the two-prong test established in *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  First, a plaintiff must show that his or her counsel's performance "fell below an objective standard of reasonableness."  *Id.* at 687–88.  Second, he or she "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.  Courts begin with the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *United States v. Taylor*, 454 F.3d 1075, 1079 (10th Cir. 2006) (quoting *Strickland*, 446 U.S. at 689).

### *A.  Alleged Failure to File or Oppose Motions and to Make Certain Objections*

Mr. Sedillo claims that his trial counsel was constitutionally ineffective for failing to: **(i)** "seek pre or post confinement credit" (***Motion*** (*Doc. 1*) at 7); **(ii)** "argue for me at my sentencing" (*id.* at 4); **(iii)** move "for departure/variance/sentencing as per my request" (*id.* (*Doc. 1*) at 7); **(iv)** "oppose several motions on my behalf" (*id.*; *id.* (*Doc. 8*) at 4 ("He failed to file or respond to numerous motions and requests I made.")); **(v)** object to the PSR (*id.* (*Doc. 1*) at 7), and to "pertinent

facts about the case[] or factual inaccuracies" (*id.*); **(vi)** move regarding "special circumstances - regarding placement or classifications" (*id.*).

Conclusory allegations, without more, do not meet the *Strickland* test for ineffective assistance of counsel. *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) ("[W]e are not required to fashion Defendant's arguments for him where his allegations are merely conclusory . . . and without supporting fact[s].")*; Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based.").

### *i. Presentence Confinement Credit*

Mr. Sedillo's complaints about his trial counsel's performance are conclusory and do not meet the *Strickland* test.  First, he asserts that his attorney did not seek pre- or post-confinement credit.[5] **Motion** (*Doc. 1*) at 7.  In fact, however, his attorney did file a motion asking that his federal sentence run concurrently with his state sentence; that is, the attorney did ask that Mr. Sedillo be given presentence credit toward his federal confinement in the form of a concurrent sentence *nunc pro tunc* to his state sentence. **Motion for Concurrent Sentence** (*Doc. 54*) at 2–3, filed in Case No. CR-07-0378.  The sentencing Court denied the motion. **Transcript of Sentencing** (*Doc. 72*) at 3. Mr. Sedillo has failed to show that his attorney's performance was inadequate with respect to the credit request because his attorney did move for the credit.

---

[5] Because Mr. Sedillo does not explain what he means when he refers to "post confinement credit" and because he does not argue for credit that is traditionally referred to as post-confinement credit, the Court construes Mr. Sedillo's claims to refer to presentence confinement credit.

### ii.  Argument at Sentencing

Additionally, Mr. Sedillo asserts that his counsel was ineffective for failing to "argue for [him] at [his] sentencing." **Motion** (*Doc. 1*) at 4.  The record, however, indicates that Mr. Sedillo's trial counsel did argue for him at sentencing.  Trial counsel moved for a concurrent sentence and orally argued the motion at the sentencing hearing.  **Motion for Concurrent Sentence** (*Doc. 54*) at 2–3; **Transcript of Sentencing** (*Doc. 72*) at 3, both filed in Case No. CR-07-0378.  Trial counsel urged the Court to consider the fairness of Mr. Sedillo being sentenced by both the state and the federal government for the same actions.  **Transcript of Sentencing** (*Doc. 72*) at 3, filed in Case No. CR-07-0378.  He also referred to a precedential case, which was apparently cited in his written motion as well, that supported his policy argument.  *Id.*  Furthermore, trial counsel brought to the Court's attention that "the entire number of spectators in this courtroom are the family of Rey Sedillo," and he presented a letter from Mr. Sedillo's mother to the Court.  *Id.* at  Although the Court ultimately denied the motion for concurrent sentence, trial counsel certainly did "argue for" Mr. Sedillo at his sentencing.  Therefore, the Court recommends that this claim be denied.

### iii.  Motion for Sentence Departure

Similarly, Mr. Sedillo complains that his trial counsel did not move "for departure/variance/sentencing as per my request." **Motion** (*Doc. 1*) at 7.  The record, however, indicates that Mr. Sedillo received a departure from the sentencing guidelines pursuant to the plea agreement. **Transcript of Sentencing** (*Doc. 72*) at 6.  Mr. Sedillo fails to show that his attorney's performance was inadequate for failing to request a departure because, through plea negotiations, Mr. Sedillo in fact received a downward departure from the sentencing guidelines, from 188 months to 180 months. *Id.*  His claim, therefore, meets neither prong of the *Strickland* test and should be denied.

### iv.  Opposition to Motions

Next, Mr. Sedillo complains that his attorney did not oppose certain motions, and he lists the following dates:  April 5, 2007, May 14, 2007, and November 19, 2007.  **Motion** (*Doc. 1*) at 4.  On April 5, 2007, Mr. Sedillo was arraigned and, on the same date, United States Magistrate Judge Robert Hays Scott issued a discovery order.  **Clerk's Minutes of Arraignment** (*Doc. 16*); **Order** (*Doc. 17*), both filed in Case No. CR-07-0378.  Mr. Sedillo fails to explain *what* his attorney should have opposed with respect to the arraignment and discovery order.  He fails to explain *why* either or both events should have been opposed.  Furthermore, he fails to provide any allegations, much less any evidence, showing that opposing these proceedings would have made any difference in his case.  On May 14, 2007, the Court granted Mr. Sedillo's motion to continue his trial because he needed more time to review the discovery materials and to negotiate with the government (**Order Continuing Trial Setting** (*Doc. 23*), filed in Case No. CR-07-0378), and on November 19, 2007, the sentencing Court noticed the parties of Mr. Sedillo's sentencing hearing (**Notice of Hearing**, text-only (*Doc. 45*), filed in Case No. CR-07-0378).  Again, Mr. Sedillo does not explain *what* his attorney should have opposed regarding these events, *why* he should have opposed them, or how such opposition would have triggered a different outcome in the case.  Mr. Sedillo alleges nothing more than that his attorney should have "opposed" motions on certain dates.  These allegations are conclusory and meet neither prong of the *Strickland* test.  The Court, therefore, recommends that this claim should fail.

### v.  Objections to PSR and to Factual Inaccuracies

Mr. Sedillo further claims that his attorney was ineffective for failing to object to the PSR (**Motion** (*Doc. 8*) at 4) and to "pertinent facts about the case" and "factual inaccuracies" (*id.* (*Doc. 1*) at 7).  These allegations fail for the same reasons as those above.  Mr. Sedillo does not

identify what portion(s) of the PSR, what "pertinent facts about the case," or what "factual inaccuracies" were objectionable.  He fails to show how the outcome of his case would have been different if his attorney had objected to them.  None of these assertions meets either prong of the *Strickland* test because they are conclusory.  The Court, therefore, recommends that this claim fail.

### vi.  *Placement and Classification*

Finally, Mr. Sedillo claims that his trial counsel was ineffective for failing to move and/or object regarding "special circumstances - regarding placement or classifications."  **Motion** (*Doc. 1*) at 7.  In actuality, Mr. Sedillo's trial counsel did ask the sentencing Court to recommend that he be "designated to the facility in Tucson or Phoenix, Arizona."  **Transcript of Sentencing** (*Doc. 72*) at 8, filed in Case No. CR-07-0378.  The Court agreed and recommended the requested designation.  *Id.* at 8.  Mr. Sedillo's placement claim fails to meet either prong of *Strickland*.  The Court, therefore, recommends that it fail.

Mr. Sedillo also claims that his trial counsel should have moved for a certain prison classification.  **Motion** (*Doc. 1*) at 7.  Prison classification, however, is within the purview of prison officials; the district court can only make recommendations with respect to classification.  18 U.S.C. § 4081; *Marchesani v. McCune*, 531 F.2d 459, 461 (10th Cir. 1976) ("The duty to classify inmates rests with federal prison officials."); *Schwartz v. Zavaras*, No. 96-1131, 1996 WL 494413, *2, (10th Cir. Aug. 27, 1996) (unpublished) (same, citing to *Marchesani*, 531 F.2d at 461).

Mr. Sedillo has offered nothing beyond his conclusory allegation to show that his trial counsel failed to request that the sentencing Court recommend a classification, and the sentencing transcript does not reflect such a request.  **Transcript of Sentencing** (*Doc. 72*), filed in Case No. CR-07-0378.  Even assuming *arguendo*, however, that trial counsel had not requested

11

certain classification, such an omission would be inconsequential because the sentencing Court does not have the authority to determine classification. That is, even if Mr. Sedillo's attorney failed to request a certain classification, and even if Mr. Sedillo could prove that his classification was improper, which he has not proven, his claim would still fail the *Strickland* test because he cannot prove that the latter resulted from the former. His attorney cannot be constitutionally ineffective for failing to request certain classification because such a request could not have guaranteed the classification. Such a request could only have resulted in a recommendation or a denial to recommend, but it could not have resulted in a different classification. His attorney, therefore, cannot be constitutionally ineffective for failing to request that the sentencing Court take an action over which it has no jurisdiction. The Court, therefore, recommends that this claim fail.

### B.  Alleged Failure to Fulfill Certain Promises

Mr. Sedillo asserts that his counsel was constitutionally ineffective because: (i) "[h]e told me I'd receive up to 5 yrs pre-sentence confinement [credit]" and (ii) "[h]e made a deal w[ith] U.S. Attorn[e]y Gregory Fouratt to release my wife from federal custody - F.P.C. Phoenix AZ in exchange for my plea of guilty." ***Motion*** (*Doc. 8*) at 4. To establish unconstitutionally ineffective assistance of counsel with respect to a plea, a claim must meet both prongs of *Strickland*: performance and prejudice, *i.e.*, a defendant must show that but for his counsel's errors, he would not have taken the plea but, instead, would have insisted on going to trial. *Williams v. Jones*, 571 F.3d 1086, 1093 (10th Cir. 2009). Courts begin with the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Taylor*, 454 F.3d at 1079 (quoting *Strickland*, 446 U.S. at 689).

Illustratively, in *United States v. Triplett*, the Tenth Circuit denied a § 2255 appeal that was grounded on a claim similar to Mr. Sedillo's.  *Triplett*, No. 07-6200, 263 Fed. Appx. 688, 690–91, 2008 WL 313192 (10th Cir. Feb. 5, 2008) (unpublished).  In *Triplett*, the defendant claimed that his counsel was ineffective for failing to enforce a verbal agreement with the government not to seek any sentence enhancements.  *Id.* at 690.  The district court, however, found no evidence of any such promise.  *Id.* at 691.  The transcript of the plea hearing reflected the defendant's acknowledgment that no promise could be enforceable against the government except those in the plea agreement. *Id.*  That is, the defendant knew that any oral promise was not enforceable; thus, he could not have relied on it in pleading guilty.  *See id.*  The defendant, therefore, failed to show any prejudice, and his claim was denied.  *Id.*

Similar to the movant in *Triplett*, Mr. Sedillo fails to show any prejudice, and his claim, therefore, should fail.  The evidence does not show that Mr. Sedillo was promised presentence confinement credit or the release of his wife in exchange for his guilty plea.  Even if he could prove that he had been so promised, which he has not proven, the record establishes that he did not rely on these promises in pleading guilty.  Mr. Sedillo twice affirmed that the only promises on which he relied were those contained in the plea agreement.  **Plea Agreement** (*Doc. 43*) at 6, ¶16, filed in Case No. CR-07-0378; **Transcript of Change of Plea** (*Doc. 71*) at 8, filed in Case No. CR-07-0378. As part of the plea agreement that Mr. Sedillo signed, he "agree[d] and represent[ed] that [the] plea of guilty [was] freely and voluntarily made and [was] not the result of force, threats, or promises (other than the promises set forth in this agreement)."  **Plea Agreement** (*Doc. 43*) at 6, ¶16, filed in Case No. CR-07-0378.  Moreover, at the change-of-plea hearing, when asked by the Court whether "anyone made any promises to you other than those matters set forth in the plea agreement in order

13

to induce you to plead guilty in this case," Mr. Sedillo, under oath, said "No, ma'am." ***Transcript of Change of Plea*** (*Doc. 71*) at 8:19–22, filed in Case No. CR-07-0378.

More than seven months after Mr. Sedillo pled guilty, he commented at his sentencing hearing that "the main reason that I took this plea is so that my wife will get a *reconsideration*." ***Transcript of Sentencing*** (*Doc. 72*) at 4 (emphasis added), filed in Case No. CR-07-0378.  At first blush, this statement may seem to support Mr. Sedillo's contention.  Upon deeper analysis, however, it does not.  First, Mr. Sedillo commented that his wife was to get "a reconsideration," not to be released, as he now claims.  Reconsideration is a far cry from release, and the discrepancy undercuts Mr. Sedillo's current claim.  Second, Mr. Sedillo made the comment more than seven months after his repeated, unequivocal statements indicating his reliance on the promises in the agreement and none other.  Given the substantive inconsistency, coupled with the timing issue, Mr. Sedillo has failed to show that he relied on any promise for his wife's release in exchange for his guilty plea.

Beyond the Plea Agreement and the transcripts of the change-of-plea and sentencing hearings, there is no evidence of record related to any promises made to Mr. Sedillo.  In fact, Mr. Sedillo himself acknowledges and admits that he has "no written documentation supporting these facts." ***Motion*** (*Doc. 8*) at 9.  He further states that he is "in [the] process of seeking af[f]idavits from my attorn[e]ys and parties involved[,] v[e]rifying meetings - pleas and deals discussed." *Id.*  He has presented no such affidavits, however.  There is no evidence showing that he relied on any promise of presentence confinement credit or any promise for his wife to be released when he pled guilty.  To the contrary, the only evidence related to the matter tends to show that he did *not* rely on any promises outside those contained in the plea agreement.  Even if his attorney had been remiss in failing to fulfill these promises, which the Court does not find, Mr. Sedillo was not prejudiced thereby.  The Court, therefore, recommends that this claim be denied.

14

### C. Alleged Failure to Advise Mr. Sedillo of the Facts and Consequences of his Plea

Mr. Sedillo claims that his attorney was constitutionally ineffective because he "did not advise me of all the facts and consequences of my entering a guilty plea." **Motion** (*Doc. 8*) at 4. A guilty plea must be knowing, intelligent, and voluntary. *Boykin v. Alabama*, 395 U.S. 238, 242 (1969); *United States v. Gigot*, 147 F.3d 1193, 1197 (10th Cir. 1998). Only where a defendant is aware of the facts and likely consequences of his plea can the plea be voluntary. *Brady v. United States*, 397 U.S. 742, 748 (1970). The *Strickland* standard for ineffective assistance of counsel applies in the context of pleas. *Williams*, 571 F.3d at 1093. In order to meet the standard, a defendant must show that if his counsel had advised him of the facts and consequences of the plea, he would have rejected it and, instead, insisted upon going to trial. *Id.*

The Tenth Circuit has repeatedly rejected claims that guilty pleas were not knowing and voluntary where plea agreements and colloquies[6] evidenced that defendants were aware of the facts and circumstances of their pleas and, therefore, were not prejudiced by the alleged shortcomings of counsel. *See United States v. Gigley*, 213 F.3d 509, 517 (10th Cir. 2000) (rejecting claim that plea was not knowing where plea agreement outlined the possible consequences and where court ensured through inquiry that plea was made freely and voluntarily); *United States v. Mendez-Zamora*, No. 06-3160, 193 Fed. Appx. 796, 798, 2006 WL 2468311 (10th Cir. Aug. 28, 2006) (unpublished) (rejecting claim that guilty plea was not knowing where "at the change of plea hearing, the District Court specifically verified that [the defendant] understood that his guilty plea did not limit the court's discretion to impose a sentence up to the statutory maximum."); *United States v. Gibson*, No. 02-6108, 59 Fed. Appx. 305, 307, 2003 WL 329249 (10th Cir. Feb. 14, 2003) (unpublished)

---

[6] *See generally* FED. R. CRIM. P. 11(b)(1–2) (outlining information and inquiries to be addressed in plea colloquies).

(rejecting claim that guilty plea was not knowing where evidence showed, *inter alia*, that defendant was informed by the court and by his attorney of the potential ramifications of the plea).

Here, Mr. Sedillo asserts that his attorney did not advise him of the all facts and consequences of his plea, which rendered the assistance constitutionally ineffective. Similar to the precedent cases, however, Mr. Sedillo was aware of the facts and consequences of his plea as evidenced by the Plea Agreement and by the transcript of the change-of-plea hearing. The evidence in the case at bar, which includes Mr. Sedillo's own testimony, shows that his attorney did review the facts and consequences of the plea with him. First, the Plea Agreement delineated the facts and consequences of Mr. Sedillo's guilty plea, including the definite length of his sentence, and Mr. Sedillo signed it. **Plea Agreement** (*Doc. 43*), filed in Case No. CR-07-0378. Second, at the change-of-plea hearing, Mr. Sedillo attested under oath that he had read the Plea Agreement himself, had discussed its terms and conditions with his attorney, had all of his questions about it answered satisfactorily by his attorney, had understood it, had signed it, and had no further questions about it. **Transcript of Change of Plea** (*Doc. 71*) at 5–6, filed in Case No. CR-07-0378. When asked by the Court if Mr. Sedillo was "satisfied with the legal advice, with the counsel, and with the services that [his attorney had] provided," Mr. Sedillo responded that he was "very satisfied with [his attorney's] counseling." *Id.* at 6. Assuming, however, that Mr. Sedillo could show that his attorney's performance regarding the plea was constitutionally ineffective, which he has not shown, he was not prejudiced thereby because he was otherwise informed about the facts and consequences of the plea. As in the precedent cases, the Plea Agreement and change-of-plea transcript show that Mr. Sedillo was informed, and made aware, of the consequences of his plea. Mr. Sedillo's claim, therefore, should fail because he shows no prejudice.

### III. The Plea: Voluntariness and Violation

Mr. Sedillo seems to claim both that his plea was involuntary and that the government violated the plea agreement.[7]  **Motion** (*Doc. 8*) at 8.  He labeled the fourth ground for his § 2255 motion "Duress Agreements made by atty's and U.S. Atty were not honored."  *Id.*  As outlined above, in section II.C, the evidence shows that Mr. Sedillo's guilty plea was not the result of duress and was voluntary.

The Court now turns to the allegation that the government violated the plea agreement. "Where the Government obtains a guilty plea [that] is predicated in any significant degree on a promise or agreement with the U.S. Attorney, such promise or agreement must be fulfilled to maintain the integrity of the plea."  *United States v. Bullcoming*, 579 F.3d 1200, 1205 (10th Cir. 2009) (citation omitted).  To determine the nature of any promises made by the government as well as the defendant's reasonable understanding of such promises, courts "look to the express language in the agreement." *Id.*  Additionally, applying general principles of contractual interpretation, courts "construe any ambiguities against the government as the drafter of the agreement." *Id.*  To determine whether the government abided by the agreement, courts "evaluate the record as a whole." *Id.*

The Court has meticulously reviewed the Plea Agreement and finds no reference to presentence confinement credit or to the release or "reconsideration" of Mr. Sedillo's wife. *See* **Plea Agreement** (*Doc. 43*), filed in Case No. CR-07-0378.  The only reference to length of imprisonment is the agreed-upon, definite sentence of fifteen years.  *Id.* at 3, ¶ 5.  In fact, pursuant to the

---

[7]  Both claims are properly brought under § 2255.  *See Runge v. United States*, 427 F.2d 122, 124 (10th Cir. 1970) (allegation of involuntary guilty plea properly brought under § 2255); *United States v. Pogue*, 865 F.2d 226, 227–28 (10th Cir. 1989) (allegation of plea-agreement violation properly brought under § 2255).

agreement, Mr. Sedillo agreed "not [to] seek a downward departure, variance, or deviation of any kind from the agreed-upon [fifteen year] sentence." *Id.* Furthermore, the agreement includes an integration clause, which evidences that the entirety of the agreement was included therein: "This document is a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties." *Id.* at 7, ¶ 19. Finally, as outlined above in section III.C, Mr. Sedillo relied exclusively on the promises contained in the Plea Agreement when he pled guilty, not on any promise for credit or for his wife's release. The express language of the Plea Agreement, as well as the record as a whole, show that the government did not promise Mr. Sedillo any presentence confinement credit or his wife's release. Moreover, the evidence shows that Mr. Sedillo did not reasonably understand that he had been so promised. The government was not, and is not, bound by the alleged promises and did not violate the Plea Agreement. The Court, therefore, recommends that this claim be denied.

### IV.  ACC Enhancement

Mr. Sedillo claims that he was subjected to a sentence enhancement under the ACC Act[8] (hereinafter "ACCA"), and he claims that the convictions underlying the enhancement do not actually qualify for the enhancement. ***Motion*** (*Doc. 1*) at 5, (*Doc. 8*) at 5. The underlying convictions, however, properly support his enhanced sentence. Mr. Sedillo claims that the convictions used to support the enhancement do not comport with the ACCA because they are either too old or for non-violent crimes. ***Motion*** (*Doc. 1*) at 5, (*Doc. 8*) at 5. The ACCA places no expiration date on prior convictions used to trigger the enhancement. *United States v. Lujan*, 9 F.3d 890, 893 (10th Cir. 1993) (interpreting the ACCA). Moreover, the Tenth Circuit has expressly held

---

[8]  18 U.S.C. § 924(e).

that prior convictions are not "eliminated from considerations under the ACCA because they are ancient." *Id.* (rejecting defendant's claim that convictions used to apply ACC enhancement were too old). Mr. Sedillo's claim that the convictions underlying the enhancement are too old is contrary to Tenth Circuit law and should, therefore, fail.

Mr. Sedillo further asserts that the following three of his prior convictions are non-violent and, therefore, do not qualify under the ACCA: Residential Burglary,[9] Escape from an Inmate Release Program,[10] Aggravated Battery with a Deadly Weapon.[11] Presumably, Mr. Sedillo attacks these convictions because they are listed in the PSR as justifying the enhancement. *See **PSR*** at 12. Mr. Sedillo, however, has several other convictions.[12]

The ACCA provides for a sentence enhancement when a defendant is convicted of being a felon in possession of a firearm[13] and also has three previous convictions for violent felonies. 18 U.S.C. 924(e)(1). The particular facts of a prior conviction are not considered when deciding whether that conviction is a violent felony under the ACCA; rather, courts look "only to the fact of

---

[9] ***Motion*** (*Doc. 1*) at 5, (*Doc. 8*) at 5 (citing ***State Docket*** D-202-CR-1983-37644). The actual docket number, however, should be D-202-198<u>4</u>-37644.

[10] *Id.* (*Doc. 1*) at 5, (*Doc. 8*) at 5 (citing ***State Docket*** VA-85-21).

[11] *Id.* (*Doc. 1*) at 5, (*Doc. 8*) at 5 (citing ***State Docket*** D-202-CR-1990-01844).

[12] ***Transcript of Change of Plea*** (*Doc. 71*) at 7 (residential burglary, citing ***State Docket*** D-202-CR-1982-34842 (The actual docket number, however, should be D-202-198<u>1</u>-34842.), receiving a stolen vehicle, citing ***State Docket*** D-202-CR-1984-36922, auto burglary, citing ***State Docket*** D-202-CR-1996-1523, receiving or transferring a stolen vehicle, citing ***State Docket*** D-202-CR-1996-02189, receiving or transferring a stolen vehicle, citing ***State Docket*** D-202-CR-1997-02894), filed in Case No. CR-07-0378.

[13] 18 U.S.C. 922(g), to which Mr. Sedillo pled guilty and was convicted of in the criminal case underlying this § 2255 motion. ***Transcript of Change of Plea*** (*Doc. 71*) at 7–8, 14, filed in Case No. CR-07-0378.

conviction and the statutory definition of the prior offense."   *United States v. Scoville*, 561 F.3d 1147, 1176 (10th Cir. 2009) (internal quotation omitted).  A "violent felony" under the ACCA is:

> any crime punishable by imprisonment for a term exceeding one year . . . that - -
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. 924(e)(2)(B).

Burglary is an enumerated violent felony, and Mr. Sedillo has two convictions for residential burglary.[14]  Two of the three required violent felonies, therefore, are present.  Mr. Sedillo also has a conviction for aggravated battery with a deadly weapon,[15] which consists of "the unlawful touching or application of force to the person of another . . . ."  NMSA 1978 § 30-3-5(A).  Because aggravated battery with a deadly weapon "has as an element the use . . . of physical force against the person of another," it is a violent felony under the ACCA.  Thus, Mr. Sedillo has three convictions for violent felonies.  Accordingly, the ACC enhancement used to sentence him was proper.  The Court, therefore, recommends that this claim be denied.

---

[14] ***Transcript of Change of Plea*** (*Doc. 71*) at 7 and **PSR** at 15 (residential burglary, both citing **State Docket** D-202-CR-1984-37644); **State Docket** D-202-CR-1981-34842 (residential burglary).

[15] **State Docket** D-202-CR-1990-01844.

### V.  Return of Property

The final request made by Mr. Sedillo is the "return of my property and money from N.M.S.P. c/o Pat Ness Case Agent at time. (Evidence Locker)."  *Motion* (*Doc. 8*) at 12.  "[A] court may not enter judgment against one not a party to the action."  *Brown v. Am. Nat'l Bank*, 197 F.2d 911, 914 (10th Cir. 1952).  Neither Agent Ness nor the New Mexico State Police is a party to this action.  The Court, therefore, lacks jurisdiction to grant the relief requested and, therefore, recommends that this claim be dismissed without prejudice.

### Recommended Disposition

**IT IS HEREBY RECOMMENDED,** for the reasons stated above, that:

(**1**) the claims raised in Mr. Sedillo's *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* (*Docs. 1*) and *Sentence by a Person in Federal Custody* (*Doc. 8*) be **DENIED**;

(**2**) the presentence-confinement-credit claim, which should have been brought under 28 U.S.C. § 2241 rather than § 2255, be **DENIED**;

(**3**) the request for the return of property and money related to the New Mexico State Police (*Motion* (*Doc. 8*) at 12) be dismissed without prejudice; and

(**4**) all other claims and Case No. CIV-09-0339 be **DISMISSED with prejudice.**


_Lourdes A. Martinez_
_____
**THE HONORABLE LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**