IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff/Respondent,

v.                                                   No. CIV 09-0339 MCA/LAM
                                                     No. CR 07-0378 MCA

RAYMOND ELOY SEDILLO,

        Defendant/Movant.

## ORDER GRANTING IN PART MOTION FOR EXTENSION OF TIME, GRANTING REQUEST FOR COPY OF MOTION, AND DENYING MOTION FOR APPOINTMENT OF COUNSEL

**THIS MATTER** is before the Court on Mr. Sedillo's ***Letter*** filed January 7, 2010 (*Doc. 22*), which the Court construes as a motion for an extension of time (hereinafter "***Motion***") in which to object to the Court's ***Proposed Findings and Recommended Disposition*** (hereinafter "***PF&RD***") (*Doc. 19*), as well as requesting various other things. Mr. Sedillo's ***Motion*** makes several requests. First, he requests "an extension for however long it takes" to research his objections to the ***PF&RD*** in the law library. ***Motion*** (*Doc. 22*) at 4. Although the ***Motion*** includes some objections (*id.* at 3), Mr. Sedillo states that he wants to preserve his right to "appellate review" and, therefore, needs more time to do research (*id.* at 2). He indicates that he has not been able to access the law library because the prison where he is housed has been on lock down. *Id.* at 1, 4. Additionally, he states that he needs more time because he was not able to bring his legal paperwork with him when he was transferred to the United States Penitentiary (hereinafter "USP") Hazelton in West Virginia. *Id.* at 2.

Mr. Sedillo has already been granted one extension in which to file his objections. ***Order to Update Address, Mail Documents, and Extend Deadline for Objections*** (hereinafter "***First Extension***") (*Doc. 21*) at 2. When Mr. Sedillo was transferred from Corrections Corporation of America in Estancia, New Mexico to USP Hazelton, he did not update his address with the Court. *Id.* at 1–2. So, when the ***PF&RD*** was mailed to him in Estancia, it did not reach him and was instead returned to the Court. *Document 20*. At that time, in the interest of fairness, the Court made the efforts to locate him, update his address, mail a second copy of the ***PF&RD*** to his new address, and extend the time during which he could object. ***First Extension*** (*Doc. 21*). Despite Mr. Sedillo's own failure to update his address with the Clerk of Court pursuant to D.N.M.LR-Civ. 83.6 ("All . . . parties appearing *pro se* have a continuing duty to notify the Clerk, in writing, of any change in their . . . mailing addresses."), he now attempts to blame officials at his previous place of incarceration for failing to forward his Court mail to him. ***Motion*** (*Doc. 22*) at 1. He reports that he left his forwarding address with the mail room and with certain officers, telling them that he was expecting legal mail that needed to be forwarded to him. *Id.* The responsibility of providing a reliable address, however, belonged, and continues to belong, solely to Mr. Sedillo. D.N.M.LR-Civ. 83.6. It was, and is, his charge, and his charge alone, to update his address with the Court and thereby ensure that correspondence regarding his case could reach him. *Id.* The Court will not grant Mr. Sedillo an indefinite extension but will grant a second and final extension of an additional twenty (20) days in which to object to the ***PF&RD***.

Second, Mr. Sedillo requests that a copy of his ***Motion*** (*Doc. 22*) be mailed to him for his records. *Id.* at 4. The Court will grant this request.

Finally, Mr. Sedillo seems to request the appointment of counsel. *Id.* "I pray that the court grant me an extension . . . and pray to be granted an appellate review, and possibly a Public

2

Defender." *Id.* On May 1, 2009, the Court denied Mr. Sedillo's first ***Motion Requesting Court Appointment of Counsel*** (*Doc. 5*), finding that he appeared to understand the issues in the case and appeared to be representing himself in an intelligent and capable manner. ***Order*** (*Doc. 10*). Mr. Sedillo does not present any new grounds for his second request. *See **Motion*** (*Doc. 22*).

There is no constitutional right to court-appointed counsel in a civil case. *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006). The Court has again considered "'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'" *See Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)).

This case does not appear to raise complex or novel issues of law that might justify the appointment of counsel. Moreover, Mr. Sedillo appears to understand the issues in the case and to be representing himself in an intelligent and capable manner. Therefore, to the extent that Mr. Sedillo has again requested appointment of counsel (***Motion*** (*Doc. 22*) at 4), the request will be denied.

**IT IS THEREFORE ORDERED** that Mr. Sedillo's request in his ***Motion*** (*Doc. 22*) for an extension of time to file objections to the ***PF&RD*** is **GRANTED IN PART** as set forth herein. The Court will allow an additional twenty (20) days in which to file objections. Mr. Sedillo will have **until Monday, February 1, 2010** to file objections to the ***PF&RD***, if any.

**IT IS FURTHER ORDERED** that Mr. Sedillo's request for a copy of his ***Motion*** (*Doc. 22*) to be sent to him is **GRANTED**, and the Clerk is directed to forward a copy to him.

**IT IS FURTHER ORDERED** that Mr. Sedillo's second request for appointment of counsel is **DENIED**.

**IT IS SO ORDERED.**

_Lourdes A. Martínez_
**THE HONORABLE LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**